IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL EVERETT SARGENT, ) | |
| ) | |
| Petitioner ) | Civil Action No. 03-327 Erie |
| ) | Judge Sean J. McLaughlin |
| v. ) | Magistrate Judge Baxter |
| ) | |
| DONALD KELCHNER, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, J.

    Petitioner, Daniel Everett Sargent, filed the instant Petition for Writ of Habeas Corpus (Dkt. #1) on October 8, 2003. In his petition, Petitioner raised the following six individual grounds for relief:

    1.    Trial counsel was ineffective for failing to move for suppression of or present evidence contradicting the results of the BAC test.

    2.    Trial counsel was ineffective for failing to call witnesses to certify Petitioner's sobriety immediately after the accident.

    3.    Trial counsel was ineffective for failing to call known character witnesses.

    4.    Trial counsel was ineffective for failing to timely object to the jury instruction on scientific evidence.

    5.    Trial counsel was ineffective for failing to timely object to the violation of Petitioner's speedy trial rights.

    6.    Trial counsel was ineffective for failing to timely object to the jury instruction and verdict slip.

(See Report and Recommendation, Dkt. #13, pp. 1-2). Petitioner also asserted that the cumulative effect of these errors deprived him of his constitutional rights. (Id.)

    On March 14, 2005, the Magistrate Judge recommended that we deny the petition as to the first, second, third, fourth, and sixth grounds. (Dkt. #13) The Magistrate Judge further recommended that we grant the petition as to ground five. In light of this recommendation, the Magistrate Judge did not review Petitioner's cumulative error claim. Subsequently, both parties filed objections to the

report and recommendation. This matter is now ripe for review.

As a preliminary matter, we adopt and incorporate herein the Magistrate Judge's summation of the factual and procedural history of this case and the AEDPA and pre-AEDPA standards of review. (Report and Recommendation, pp. 1-25). Stated briefly, this case involved a January 31, 1998, automobile accident between Petitioner and another motorist that resulted in the death of a passenger in the other vehicle. A blood test administered after the accident indicated that Petitioner had been driving with a Blood Alcohol Content of .11%, an amount above the legal limit. Petitioner was released from custody that same day, but a criminal complaint was not filed against him until May 8, 1998, and he was not arrested on that complaint until July 13, 1998.

As to the five grounds on which the Magistrate Judge denied relief, we conclude that the Magistrate Judge's analysis is well supported and the objections are without merit. Therefore, we adopt the Magistrate Judge's recommendation as to grounds one, two, three, four and six. For the reasons stated below, however, we reject the Magistrate Judge's recommendation to grant relief on Petitioner's fifth ground.

**I.     Ineffective Assistance of Counsel - Petitioner's Rule 102 Claim**[1]

Former Pennsylvania Rule of Criminal Procedure 102 permitted an arresting officer to release a defendant from custody provided that the most serious offense to be charged is a misdemeanor of the second degree and the filing of any criminal complaint for that offense occurs within five days thereof:

> (b)     When the arresting officer deems it appropriate, the officer may promptly release from custody a defendant who has been arrested without a warrant, rather than taking the defendant before the issuing authority, when the following conditions have been met:
>
> (1)     the most serious offense charged is a misdemeanor of the second degree;

---

[1] Petitioner captioned his fifth ground for relief as ineffective assistance of counsel for failure to object to a "speedy trial" violation. However, as noted by the Magistrate Judge and recognized by all parties involved, this claim is actually based on former Pennsylvania Rule of Criminal Procedure 102 (now Rule 518).

        * * * * * * * *

> (c) When a defendant is released pursuant to paragraph (b), a complaint shall be filed against the defendant within 5 days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 1100.

Pa. R. Crim. P. 102. In the instant case, the criminal complaint was not filed until 97 days after Petitioner's arrest for DUI, but Petitioner's trial counsel failed to object to or seek dismissal of the complaint on that basis. Petitioner contends that this failure rendered trial counsel's representation ineffective.

  In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court formulated a two-part test for determining whether an attorney has rendered constitutionally ineffective assistance. A defendant must show that his attorney's performance fell below an objective standard of reasonableness and that the attorney's deficient performance actually prejudiced the defendant. Id. at 687-88. As applied to the instant case, Petitioner must demonstrate that, but for trial counsel's failure to raise the Rule 102 violation at the preliminary hearing, there is a reasonable possibility that the criminal DUI charge against him would have been dismissed. See Id. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.")

  The Magistrate Judge concluded that trial counsel's failure to object to the Rule 102 violation was unreasonable and that Petitioner was prejudiced by that failure. The pertinent portion of the Report and Recommendation states that:

> The proper procedure whereby a Rule 102 violation should be raised is through a motion to dismiss at the preliminary hearing. [Commonwealth v.] Wolgemuth, 737 A.2d 757, 760 (Pa. Super. 1999) citing Pa.R.Crim.P. 150 ("A defendant shall not be discharged nor shall a case be dismissed because of a defect in the procedures of the chapter, unless the defendant raises the defect before the conclusion of the preliminary hearing and the defect is prejudicial to the rights of the defendant."). Here, due to counsel's failure to file a motion to dismiss, Petitioner was denied the opportunity to present evidence of possible prejudice from the ninety-seven day delay at the preliminary hearing stage. It is possible that if such a motion had been presented, it would have resulted in the dismissal of the criminal case as most of the physical evidence, including the blood sample, the

>two vehicles and the condition of the roadway, had been destroyed or altered during the delay.

(Report and Recommendation, p 43). Because we disagree with the Magistrate Judge's conclusions as to the prejudice prong of the analysis, it is unnecessary for us to discuss whether trial counsel acted unreasonably in failing to object to the Rule 102 violation. See Strickland, 446 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.").

Several initial remarks must be made to properly focus our analysis. First, we agree with the Magistrate Judge that the appropriate event to consider in evaluating the effectiveness of counsel's representation is the preliminary hearing. It is at this stage that the charges against Petitioner could have been dropped had counsel raised the appropriate motion. In this respect, each of the state court opinions inappropriately focused on Petitioner's trial, viewed with the benefit of hindsight, when attempting to ascertain whether prejudice had been sustained.

Secondly, although the state eventually charged Petitioner with DUI, Homicide by Vehicle/DUI related, and Homicide by Vehicle, the only charge relevant to our analysis is the DUI. We recognize that Petitioner, by successfully attacking the DUI charge, would also undermine the predicate offense for the Homicide by Vehicle/DUI charge. However, because Rule 102 only applies where the most serious offense charged is a second degree misdemeanor, only the DUI charge would be subject to attack under that rule. See Pa. R. Crim. P. 102.

Finally, as a corollary of the previous point, we note that the only evidence relevant to the DUI charge is the vial of blood drawn from Petitioner after his arrest and tested for blood alcohol content. The destruction of the two vehicles, clean-up of the accident scene, and condition of the roadway, each of which the Magistrate Judge considered in rendering her recommendation, are entirely inapposite. Indeed, during oral argument, Petitioner's counsel conceded this point:

>The Court:  En route to passing on prejudice, in addition to walking down the blood sample road, which relates exclusively to the DUI question, [the state courts] also got into the question of character witnesses, and they got into the question of the failure to memorialize the

|              | accident scene. As a logical matter, if the only taint from the 102 violation involved the DUI charge and if the only evidence truly germane to the ability to defend the DUI charge was relative to the blood samples, they moved into areas that were irrelevant, did they not? |

Mr. Benson:   That arguably is the case.

        \*    \*    \*    \*    \*    \*    \*    \*

The Court:   So we have the one thing, you make the one pitch [at the preliminary hearing] and that is we cannot test my blood because my blood is now gone. We're only focusing on the blood issue now. How else were you prejudiced?

Mr. Benson:   If the court is limiting the inquiry purely to the DUI claim alone, then I'm constrained to say there is no other prejudice that's apparent.

        \*    \*    \*    \*    \*    \*    \*    \*

The Court:   The only charge that you really would have had any meaningful basis to attack under the clear terms of Rule 102 would have been the DUI charge?

Mr. Benson:   Yes.

The Court:   On the basis of the discussion we just had, the only basis upon which you would have moved to strike that charge as prejudicial was your inability at that late point in time to have had a retest of the blood?

Mr. Benson:   Yes.

(Hearing on Objections to Report and Recommendation, pp. 29, 34-35, 36). Counsel for Respondent agreed:

The Court:   But with respect to the trial court's analysis as to prejudice insofar as it involves witnesses and insofar as it involves an alleged inability to adequately memorialize the accident scene - -

Mr. Kraus:   Yes.

The Court:   How are either of those issues logically tied to a 102 violation?

Mr. Kraus:   I don't think that they are.

(Id. at 19).

-5-

Taken together, these three points serve to hone our analysis to a single, narrow issue: was Petitioner prejudiced by his counsel's failure to move for dismissal of the DUI charge on the basis of the Rule 102 violation? We conclude that he was not.

If trial counsel had elected to challenge the DUI charge at the preliminary hearing, he would have had to demonstrate prejudice stemming from the Rule 102 violation and the state's 97 day delay in filing the DUI charge. Wolgemuth, 737 A.2d at 760. The only available argument would have been to assert that the destruction of Petitioner's blood sample had prejudicially deprived him of the opportunity to re-test the sample. However, a defendant does not have a statutory right to conduct an independent test of a police-administered blood sample in Pennsylvania. See 75 Pa.Cons.Stat.Ann. § 1547; Commonwealth v. Demis, 588 A.2d 30, 32 (Pa. Super. 1991). Section 1547 provides in relevant part:

> **§ 1547. Chemical testing to determine amount of alcohol or controlled substance**
>
> \* \* \* \* \* \* \*
>
> **(g) Test results available to defendant.** - Upon request of the person tested, the results of any chemical test shall be made available to him or his attorney.
>
> **(h) Test by personal physician.** - The person tested shall be permitted to have a physician of his own choosing administer an additional breath, blood or urine chemical test and the results of the test shall also be admissible in evidence. The chemical testing given at the direction of the police officer shall not be delayed by a person's attempt to obtain an additional test.

75 Pa.Cons.Stat.Ann. § 1547(g) and (h).

Pennsylvania courts have recognized that this statute provides "no statutory right to independent analysis of the original blood sample." Demis, 588 A.2d at 32. In Demis, a DUI defendant requested that police preserve her blood sample for independent testing. However, the sample was destroyed before Demis had an opportunity to conduct the second test. In response to her motion to suppress the results of the original test, the court held that:

> Section 1547(g) advises an individual that test *results* are available upon request. Section 1547(h) merely provides an individual with the

>     right to have a physician administer an *additional* test, the results of
>     which are also admissible at trial. It does not provide an individual
>     with the right to re-test her original sample as Demis would have us
>     believe.

Id. (emphasis in original).

On this basis, Petitioner had no statutory right to acquire and re-test the original blood sample drawn from him after his arrest. Rather, the statute merely permitted him to (1) have an independent physician draw and test a second blood sample, or (2) request and challenge the validity of the results of his police-administered blood test. To take advantage of the first option, Petitioner's physician would have to have drawn the second sample at nearly the same time as the sample drawn by law enforcement. Petitioner's failure to have such a sample drawn is entirely unrelated to the state's delay in pressing charges because, even had the criminal complaint been filed within the five days mandated by Rule 102, Petitioner's window of opportunity to obtain the second test closed within hours of his arrest due to the dissipation of the alcohol in his bloodstream. Moreover, with regards to the right afforded by § 1547(h), there is no dispute that Petitioner was able to obtain the results of the police-administered blood test and challenge those results in court.

Thus, despite the state's technical violation of Rule 102, Petitioner received or had the opportunity to receive every protection afforded to him by Pennsylvania law. Even if the criminal complaint had been filed within the requisite five days, at a time when the original blood sample still existed, Petitioner still had no right to obtain and retest that blood sample. Therefore, no prejudice inhered in the state's delay in filing the complaint, and, accordingly, Petitioner would not have prevailed in having the charges dismissed at the preliminary hearing.

Applying this determination to the Strickland framework, we must reject Petitioner's claim of ineffective assistance of counsel. Petitioner cannot demonstrate that he was prejudiced by his attorney's failure to seek dismissal based on Rule 102 since there was no reasonable probability that counsel would have prevailed in that effort. We thus reject the Magistrate Judge's finding as to this ground for relief.

**II.    Ineffective Assistance of Counsel - Cumulative Error**

Petitioner asserts that the cumulative effect of his counsel's errors deprived him of a fair trial. The Magistrate Judge, having granted relief on Petitioner's Rule 102 claim, did not issue a recommendation as to this ground. In light of our holding that each of Petitioner's grounds for relief lacked merit, it is apodictic that Petitioner's cumulative error claim must fail.

### III.   Conclusion

For the reasons state above, we ADOPT the Magistrate Judge's report and recommendation (Dkt. #3) as to grounds one, two, three, four and six. We REJECT the Magistrate Judge's recommendation to grant relief on Petitioner's fifth ground. Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Dkt. #1) is hereby DISMISSED.

However, while we conclude that each of Petitioner's grounds for relief lack merit, we recognize that reasonable jurists could disagree with our resolution of Petitioner's Rule 102 claim, as evidenced by the Magistrate Judge's conclusion in her report and recommendation. Therefore, we hereby GRANT a certificate of appealability as to Petitioner's Rule 102 claim. We decline to grant a certificate of appealability as to Petitioner's other claims.

Finally, Petitioner's motion for bail (Dkt. #14) is DENIED as moot.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL EVERETT SARGENT, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>DONALD KELCHNER, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 03-327 Erie<br>Judge Sean J. McLaughlin<br>Magistrate Judge Baxter |

**ORDER**

AND NOW, this 22nd day of August, 2005, for the reasons set forth above, it is hereby ORDERED that Petitioner's Petition for Writ of Habeas Corpus is denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c), Petitioner has made a substantial showing of the denial of a constitutional right as to his fifth ground for relief and, therefore, a certificate of appealability is issued as to that claim. As to Petitioner's remaining grounds for relief, Petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

                                                                                          /s/ - Sean J. McLaughlin
                                                                                           United States District Judge

cm:    All parties of record.